Filed 2/1/22  P. v. Pierce CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093003 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F04599 ) |
| v. | |
| JAYSHAWN VISA PIERCE, | |
| Defendant and Appellant. | |

Defendant Jayshawn Visa Pierce appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant argues the trial court erred by declining to issue an order to show cause because the court looked beyond his declaration to the record of conviction in determining that he did not meet the prima facie requirements of section 1170.95.  In a related argument, defendant contends the trial

---

[1]  Undesignated statutory references are to the Penal Code.

1

court erred by determining he was ineligible for resentencing as a matter of law based on the jury's special circumstance finding.

Because defendant's arguments are related, we address them together. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of the first degree murder (§§ 187, 189) and two counts of attempted robbery (§§ 211, 664) of the murder victim and another victim. (*People v. Pierce* (May 18, 2010, C060588) [nonpub. opn.] at pp. 1-2 (*Pierce*).) As to the murder count, the jury found true the special circumstance allegation that the murder was committed during the commission or attempted commission of robbery. (§ 190.2, subd. (a)(17).) The jury found not true the allegation that defendant had intentionally and personally used a firearm in the commission of the murder. (§ 12022.53, subd. (d).) Defendant was sentenced to life without the possibility of parole plus two years eight months. Following a direct appeal, this court modified the judgment to correct sentencing errors and affirmed the judgment as modified in May 2010. (*Pierce,* C060588, at p. 10.)

In our opinion on direct appeal, we summarized the incident resulting in these convictions as follows: Defendant and his codefendants were looking for someone to rob so they could pay bail money for a friend. They waited outside a nightclub for a target to come out and followed the victims, a couple, in their car. Defendant got out of the car with the shotgun, pointing it "at [Kevin] Wilson and [Anna] Vasquez. Defendant said, 'Give me your shit[,]' or something to that effect. Wilson and Vasquez had their hands up. Vasquez had a purse. They both said, 'Take it.' Wilson responded that they did not want any trouble. [¶] Defendant then shot Wilson between the eyes, killing him instantly." (*Pierce, supra*, C060588, at pp. 1-5.)

On May 22, 2019, defendant filed a petition in the trial court to vacate his first degree murder conviction under section 1170.95. The petition asserted a "complaint,

2

information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine." Defendant also declared that "[a]t trial, [he] was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine." He declared that following the amendments made to sections 188 and 189, he could not now be convicted of first-degree murder. He left the remaining form petition questions about whether he was an actual killer or was a major participant in a felony blank. The trial court appointed counsel for defendant.

The district attorney filed a responsive pleading moving to dismiss the petition on the grounds that the statute is unconstitutional and for failure to make a prima facie showing of eligibility. Defense counsel filed a reply. In a written order, the trial court denied defendant relief on the ground he had not made a prima facie showing of eligibility.

As the trial court observed, we affirmed the conviction, special circumstance finding, and sentences in an unpublished opinion in 2010. There, defendant challenged the special circumstance finding, claiming that the jury instructions were erroneous. (*Pierce, supra*, C060588, at pp. 7-8.) We disagreed and affirmed. (*Ibid.*) On this basis, the trial court concluded that there was no prima facie evidence to support defendant's petition. The court considered and summarized the record of conviction, including this court's opinion on direct appeal, reasoning as follows: "There does not appear to be any evidence introduced at trial to show that anyone except [defendant] fired the final shot. However, in [defendant's] recorded phone conversation with Mr. Finley at the jail, [defendant] told Mr. Finley that his finger had slipped. Thus, there was evidence that showed that [defendant] did not intend to actually pull the trigger, and that his finger had accidentally slipped. For this reason, it appears that the jury found the [section] 12022.53(d) gun enhancement allegation to be not true. It does not appear that the jury necessarily found that [defendant] was not the actual shooter. [¶] As the Third District

3

affirmed the judgment, the true finding on the felony-murder special circumstance remains in place. Nor does it appear from the record that [defendant] was anything but the actual shooter."

The trial court alternatively reasoned that even if defendant were not precluded from relief based on the special circumstance finding because the finding occurred prior to the Supreme Court decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), it would make no difference because defendant was the actual killer or at least a major participant under *Banks*.

Defendant filed a timely notice of appeal.

DISCUSSION

I

*Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable

4

consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel. (§ 1170.95, subd. (b).) Section 1170.95, subdivision (c), which dictates how the court must handle the petition, reads: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Section 1170.95, subdivision (d) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. At the hearing, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

5

## II

### *Defendant Is Not Entitled to Relief as a Matter of Law*

Defendant contends the trial court erred by considering the jury's felony-murder special circumstance finding when determining whether he pleaded a prima facie case under section 1170.95, subdivision (c).[2]  According to defendant, the court "erred in relying on the special circumstance finding, as the finding preceded *Banks* and *Clark*, which greatly narrowed the legal meaning of major participation and reckless indifference to human life."

Our Supreme Court recently held that it is proper for a trial court to consider the record of conviction in determining whether the petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95 in *People v. Lewis* (2021) 11 Cal.5th 952, 970-971 (*Lewis*).  The Supreme Court reasoned: "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless.  This is consistent with the statute's overall purpose:  to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process.  [Citation.]" (*Id.*, at p. 971.)  Following *Lewis*, we conclude that the trial court properly considered the record of conviction, including instructions to the jury and the jury's verdicts, in concluding that defendant failed to make a prima facie showing.

---

[2]  We note that defendant also challenged the trial court's alternate reasoning that even if defendant was eligible for relief despite the special circumstance finding, the record conclusively demonstrated that defendant was the actual killer or at least a major participant under *Banks/Clark*.  Defendant contends the trial court went well beyond the prime facie inquiry prescribed under the statute by engaging in factfinding without issuing an order to show cause and holding an evidentiary hearing.  We need not reach the merits of this issue because we conclude the trial court properly found defendant ineligible for relief as a matter of law based on the special circumstance finding.

6

Indeed, as is the case here, it does not matter whether the trial court reviewed petitioner's record of conviction because petitioner was ineligible for resentencing under section 1170.95 as a matter of law. As noted, the jury found true a felony-murder special circumstance allegation—that the murder was committed during a robbery. (§ 190.2, subd. (a)(17).) Thus, even if the trial court issued an order to show cause and an evidentiary hearing was held at which the court could consider the record of conviction and defendant could introduce evidence, the trial court was still bound by the jury's felony-murder special circumstance finding precluding petitioner from relief.

"The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, abrogated on other grounds by *Lewis, supra*, 11 Cal.5th 952;

7

*People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490;

*People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835;

*People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954;

*People v. Harris* (2021) 60 Cal.App.5th 939, review granted Apr. 28, 2021, S267802.)

We, however, find the *Galvan* line of cases more persuasive.

Defendant has had opportunity since the affirmance on direct appeal to attempt to challenge the robbery-murder special circumstance in a habeas corpus proceeding, under *Banks* and *Clark*, but he did not present any documentary evidence to the court to show that he has done so and obtained relief from the robbery-murder special circumstance finding. If he wishes to challenge the sufficiency of the evidence supporting the felony-murder special circumstance finding, his remedy is to pursue extraordinary relief by way of habeas corpus. As our Supreme Court recently explained, *Banks* and *Clark* merely clarified the law. (*In re Scoggins* (2020) 9 Cal.5th 667, 674.) Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*Id*. at pp. 673-674.)

8

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.


_____\s\_____,
BLEASE, Acting P. J.


We concur:


_____\s\_____,
MAURO, J.


_____\s\_____,
RENNER, J.